UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 06-10752 |
| | : | CHAPTER 7 |
| RONALD E. PARK and JAMIE L. PARK, | : | |
| DEBTORS | : | |
| | : | |
| CHASE BANK USA, N.A., | : | ADVERSARY NO. 06-1153 |
| Plaintiff | : | |
| vs. | : | |
| RONALD E. PARK, | : | |
| Defendant | : | |

APPEARANCES:

P. RAYMOND BARTHOLOMEW, ESQ., HERMITAGE, PA, ATTORNEY FOR
   DEBTORS
PATRICIA A. NIXON, ESQ., BETHEL PARK, PA, ATTORNEY FOR CHASE BANK USA,
   N.A.

WARREN W. BENTZ, U.S. BANKRUPTCY JUDGE

SEPTEMBER 19, 2007

**OPINION**

Because this Court finds (1) that there is no statutory presumption of non-dischargeability and (2) that there is insufficient evidence to show that Debtor fraudulently made charges on his credit card with no intent to repay Chase and (3) that Chase, never having asked Debtor anything about his assets or liabilities, cannot rely on an implied representation of solvency, and (4) that, therefore, the Debtor's debt to Chase is dischargeable and will be discharged.

Facts

Ronald E. Park ("Debtor)" filed bankruptcy on July 3, 2006.  This action was brought only against Ronald Park.

Debtor had acquired a credit card issued by Chase Bank USA, N.A. ("Chase") based on an application dated April 13, 2005 (Plf. Ex. 2). The unsolicited application was received by Debtor by mail and contained no request for information concerning Debtor's assets or liabilities.

On October 19, 2005, Debtor had a credit balance of $75.96. Debtor charged $122.37 on November 8, 2005, which left a balance of $48.41 on the November 19, 2005 statement. On December 13, 2005 Debtor charged $15.99. On December 14, 2005, Debtor made a payment of $12.00. On January 11, 2006 Debtor paid $51.40, leaving a zero balance. On April 7, 2006 Debtor charged $3,104.40 and $187 to purchase a 2001 Dodge Caravan. From April 9 to April 12, 2006 Debtor took four cash advances totaling $1,412.

Some time in April 2006, Debtor surrendered his 1999 Chevrolet Venture, with a value of about $6,200, to National City Bank, which held a lien thereon in the amount of $10,228.

Chase argues that the 2001 Caravan was a second car for the Debtors and therefore a luxury item. The purchase was on April 7, 2006, and therefore, within 90 days of bankruptcy, July 3, 2006 and, Chase argues, being a luxury item under 11 U.S.C. § 523(a)(2)(C) is "presumed to be nondischargeable."

The other charges were clearly outside of the 70 day period described in 11 U.S.C. § 523(a)(2)(C)(i)(II), and therefore, such charges are not "presumed to be nondischargeable" under that sub-section.

The Court's view is that a 2001 Caravan for a husband, wife and three (3) children, such as in this case, cannot be considered to be a luxury item. In re Kielur, 323

B.R. 910 (Bankr. WD. PA. 2005) (pre-petition credit line draw of $9,819 to purchase

used Mustang was dischargeable); In re Green, 296 B.R. 173 (Bankr. CD. IL. 2003)

(eight year old Jeep worth $6,000 not a luxury item); In re McDonald, 129 B.R. 279

(Bankr. MD. FL. 1991) (Chevrolet Lumina purchased for $15,789 not a luxury item);

In re Davis, 56 B.R. 120 (D. Mont. 1985) (used Plymouth Voyager purchased for $9,206

not a luxury item).  The purchase of a used Dodge Caravan for $3,291 cannot be

considered extravagant or indulgent.  See In re McDonald, 129 B.R. at 282-83.  In our

present culture it is very difficult for both spouses to work without a second car.  "[T]he

term 'luxury goods' does not include goods or services reasonably necessary for the

support or maintenance of the debtor or a dependent of the debtor."

11 U.S.C. § 523(a)(2)(C)(ii)(II).

It is also observed that the "other" automobile owned by Debtors is a 1990 GMC

pick-up truck, at a value of $1650, as estimated by the Debtors.  Ownership of a 1990

pick-up truck and a 2001 Dodge Caravan does not make either vehicle a luxury item.

Chase also argues that Debtor conceived and executed a plan to defraud Chase.

Chase alleges that Debtor realized that he was delinquent and could not continue his

payments to National City Bank on his 1999 Chevrolet Venture, that the Venture was

worth only about $6,000 but that his balance due was over $10,000.  Chase argues that

Debtor, by plan, surrendered the Venture to National City Bank and purchased the 2001

Caravan on his Chase credit card, the obligation for which would become a dischargeable

debt.

The Court's view is that the use of the credit card results in a benefit to the user

and creates a debt in favor of the card issuer.  If the user of a credit card has a present

intent not to pay the debt created, then he has defrauded the issuer.  However, such intent

is difficult to prove.  The Court concludes that it has not been proven here.  The facts here

may look suspicious, but they do not warrant a finding that when Debtor used the card, he

intended to take its benefit and then discharge the resulting debt by filing bankruptcy.

Chase argues that Debtor had some $38,000 in unsecured indebtedness and

therefore knew, or should have known, that he could not repay the debt.  But Chase, in

extending credit on this credit card, never asked Debtor whether he had assets, nor did

Chase ask if Debtor had other debts.  Chase cannot now be heard to argue that it relied on

Debtor having a good balance sheet.

Other than the purchases themselves, there is not evidence of prior planning by

the Debtor.  There is no evidence that Debtor consulted counsel before making the

purchases complained of.

Judgment will be entered in favor of Debtor and the debt will be discharged.

Defendant's request for counsel fees will be denied.  Debtor's actions raised

suspicions which the creditor was entitled to investigate and pursue through to a

conclusion.

/s/  Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | BANKRUPTCY NO. 06-10752 |
| | : | CHAPTER 7 |
| RONALD E. PARK and JAMIE L. PARK, | : | |
| DEBTORS | : | |
| | : | |
| CHASE BANK USA, N.A., | : | ADVERSARY NO. 06-1153 |
| Plaintiff | : | |
| vs. | : | |
| RONALD E. PARK, | : | |
| Defendant | : | |

**<u>ORDER</u>**

This 19th day of September, 2007, in accordance with the accompanying Opinion,

it shall be and hereby is ORDERED that Debtor's debt to Chase Bank, USA, N.A. is

DISCHARGED.

It is FURTHER ORDERED that Debtor's request for counsel fees is DENIED.

/s/  Warren W. Bentz
Warren W. Bentz
United States Bankruptcy Judge